UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RUBEN ELIZONDO § § § | |
| VS. § § | CIVIL ACTION NO.:_____ |
| TRAVELERS INSURANCE AGENCY, § INC., AND THE CHARTER OAK FIRE § INSURANCE COMPANY § | |

### DEFENDANT'S NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT:

The Charter Oak Fire Insurance Company files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 and Local Rule 81. Grounds for removal are as follows:

1. On June 28, 2016, Ruben Elizondo filed an action styled "*Ruben Elizondo v. Travelers Insurance Agency, Inc.*" in the 125th District Court of Harris County, Texas, under Cause No. 2016-43681 ("the state court action"). On July 22, 2016, Ruben Elizondo ("Plaintiff") filed a First Amended Petition adding as a Defendant The Charter Oak Fire Insurance Company. On July 22, 2016, Plaintiff filed a Motion for Non-Suit without Prejudice as to Defendant Travelers Insurance Agency, Inc. and proposed Order. On July 25, 2016, the trial court judge signed an Order Granting Non-Suit without Prejudice as to Travelers Insurance Agency, Inc. Therefore, the only Defendant in this lawsuit at the time of this Removal is The Charter Oak Fire Insurance Company.

1

1888554.1

2. In accordance with Local Rule 81(1), (2) and (3),[1] this Notice of Removal attaches, as **Exhibit "A"**, true and correct copies of the following documents which constitute "[a]ll executed processes in this case"; "[p]leadings asserting causes of action"; "all answers to such pleadings" (including the state court jury demand); and "[a]ll orders signed by the state judge":

- Citation directed to "Travelers Insurance Agency Inc By Serving Its Registered Agent CT Corporation System" and Affidavit of Service;

- Service of Process Transmittal dated July 12, 2016 from CT Corporation "For: The Travelers Insurance Company (Former Name) (Domestic State: CT) MetLife Insurance Company USA (True Name)";

- Plaintiff's "Original Petition, Jury Demand & Request for Disclosure" along with "Civil Case Information Sheet", "Civil Process Request Form" and "Civil Process Pick-Up Form";

- Plaintiff's "First Amended Petition, Jury Demand & Request for Disclosure";

- Defendant The Charter Oak Fire Insurance Company's Original Answer;

- Defendant The Charter Oak Fire Insurance Company's Rule 216 Request for Jury Trial;

- Plaintiff's Motion for Non-Suit without Prejudice as to Travelers Insurance Agency, Inc. and proposed Order thereon; and

- Order Granting Non-Suit without Prejudice as to Travelers Insurance Agency, Inc., signed by the state judge on July 25, 2016.

---

[1] Local Rule 81 states: "[n]otices for removal shall have attached only the following documents: 1. All executed process in the case; 2. Pleadings asserting causes of action, e.g., petitions, counterclaims, cross actions, third-party actions, interventions and all answers to such pleadings; 3. All orders signed by the state judge; 4. The docket sheet; 5. An index of matters being filed; and 6. A list of all counsel of record, including addresses, telephone numbers and parties represented."

1888554.1

3. Also, in accordance with Local Rule 81(4), (5) and (6), the following documents are attached to this Notice of Removal: a copy of the state court action Harris County Docket Sheet (as of August 10, 2016) (**Exhibit "B"**); an Index of Matters Being Filed (**Exhibit "C"**); and a List of All Counsel of Record (including addresses, telephone numbers and parties represented) (**Exhibit "D"**).

4. In the state court action, Plaintiff alleges that he was involved in a motor-vehicle accident on July 12, 2013 with an alleged underinsured driver named Sunil Reddy Tetali. Plaintiff claims he was driving a work vehicle for Nova Healthcare Management allegedly covered by "an underinsured motorist policy POBA-3A593871" with Defendant. Plaintiff pleads that Charter had a contractual obligation to pay Plaintiff "for the damages he incurred in the collisions (sic) made the basis of this suit." He claims that Charter "failed to comply with the contract between the parties and is therefore liable for breach of contract." Plaintiff sues for breach of contract damages. Plaintiff also sues for "breach of the duty of good faith and fair dealing" damages and damages for "failure to attempt to effectuate a prompt, fair and equitable settlement" and for "failure to promptly pay damages" under the Texas Insurance Code "§§ 541.060 and 542.051 et seq." Plaintiff alleges that Charter's conduct caused damages including unpaid benefits, medical expenses and lost wages. Plaintiff seeks recovery of the following: actual damages; costs of court; pre and post judgment interest; damages recoverable per statutes cited, including treble damages; reasonable attorney's fees; declaratory relief and other general and special relief.

5. Paragraph 2. of Plaintiff's First Amended Petition states that "[t]he monetary damages of this case exceed $200,000.00." The Civil Case Information Sheet, signed by Plaintiff's counsel Mark A. Weycer and filed by with Plaintiff's Original Petition on June 28, 2016, states that "damages sought" are "[o]ver $200,000.00 but not more than $1,000,000.00."[2]

6. The state court action is one over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332, and it is one which may be removed to this Court by Defendant pursuant to 28 U.S.C. §§1441(a) - (c) and 1446(b). The state court action is a civil action wherein the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

    A.    Amount in Controversy

7. As noted, Plaintiff's counsel has pled that "[t]he monetary damages of this case exceed $200,000.00" and represented to the state court that the damages sought by Plaintiff are "Over $200,000.00 but not more than $1,000,000.00."[3] Moreover, Plaintiff pleads that "Plaintiff is entitled to recover his damages, up to the policy limits, for injuries sustained from the auto collision with the at fault motorist." Allegedly, as a result of the "wrongful acts and/or omissions of the purported underinsured driver" Sunil Reddy Tetali, Plaintiff has suffered damages including "a. Physical pain in the past and future; b. Mental anguish in the past and future; c. Physical impairment in the past and future; d. Medical expenses in the past and future; e. Loss of earning capacity in the past

---

[2]    *See* **Exhibit A**, pp. 15; 11-12.

[3]    *See id*.

1888554.1

and future; …" Therefore, it is apparent from the face of Plaintiff's Original Petition and the accompanying filed "Civil Case Information Sheet" that Plaintiff sues for damages in excess of $75,000.00.

      B.      Diversity of Citizenship

8. Plaintiff alleges that he is resides in Harris County, Texas. Plaintiff is therefore a Texas resident.

9. Plaintiff alleges that the only remaining Defendant The Charter Oak Fire Insurance Company is "an insurance company registered and doing business within the State of Texas." In fact, The Charter Oak Fire Insurance Company is incorporated in Connecticut and has its principal place of business in Connecticut. The Charter Oak Fire Insurance Company neither has its place of incorporation nor has its principal place of business in Texas. Therefore, The Charter Oak Fire Insurance Company is not a resident of Texas.

10. Therefore, the diversity of citizenship requirement is satisfied.

      C.      Timeliness of Removal

11. "Travelers Insurance Agency, Inc.", the entity originally named in Plaintiff's Original Petition as the Defendant, is a non-existing entity.[4] "Travelers Insurance Agency, Inc." has been dismissed from this lawsuit.[5] Defendant The Charter Oak Fire

---

[4] See **Exhibit A**, p. 1. Apparently, because the entity "Travelers Insurance Agency, Inc." does not exist, CT Corporation forwarded the original suit papers -- served on CT Corporation on July 12, 2016 -- to "The Travelers Insurance Company".

[5] See **Exhibit A**, p. 29 (the state court's signed Order Granting Non-Suit without Prejudice as to "Travelers Insurance Agency, Inc.").

1888554.1

Insurance Company is the only remaining Defendant as of the date of this Removal and The Charter Oak Fire Insurance Agency was served through its counsel Bruce C. Gaible with "Plaintiff's First Amended Petition" on July 22, 2016.  July 22, 2016 is less than thirty days before the date that this Notice of Removal was filed.  *See* 28 U.S.C. § 1446(b); **Exhibit "A**.**"**  Removal is therefore timely.

12. This civil action may be removed to this United States District Court under the provisions of 28 U.S.C. § 1441(a) as this District Court embraces the place where such action is pending.

13. A copy of this Notice of Removal will be filed promptly with the Harris County District Clerk's office and a copy will be served on Plaintiff.  *See* 28 U.S.C. § 1446(d).

14. In accordance with 28 U.S.C. § 1446 (a), and as set forth above, a copy of all processes, pleadings and orders have been filed with this Court and are contained within **Exhibit "A"** to this Notice of Removal.

15. This Notice of Removal is filed subject to and without waiving any defenses or objections to Plaintiff's First Amended Petition as allowed by the Federal Rules of Civil Procedure or by any applicable state or federal law.

16. Considering the foregoing, Defendant prays that the above-referenced action, pending in the 125th District Court of Harris County, Texas, under Cause No. 2016-43681, originally styled: "*Ruben Elizondo v. Travelers Insurance Agency, Inc.*" and now styled as "*Ruben Elizondo v. Travelers Insurance Agency, Inc. and The Charter Oak Fire Insurance Company*",  be removed to this Court.

1888554.1

Respectfully submitted,

**LECLAIRRYAN**

BY: _/s/ Bruce C. Gaible_____
**BRUCE C. GAIBLE**
Texas Bar No. 07567400
1233 West Loop South, Suite 1000
Houston, Texas 77027
Telephone: (713) 654-1111
Facsimile: (713) 650-0027
Email: bruce.gaible@leclairryan.com

**ATTORNEYS FOR DEFENDANT,
THE CHARTER OAK FIRE INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that a true and correct copy of the above and foregoing document has been served on all counsel of record on this the 10th of August, 2016.

| | |
|---|---|
| Mark A. Weycer | *Via ECF Service & Facsimile* |
| Alyssa Schaffer | |
| The Weycer Law Firm, P.C. | |
| 4545 Bissonnet, Suite 294 | |
| Bellaire, Texas 77401 | |

/s/ Bruce C. Gaible
_____
BRUCE C. GAIBLE

1888554.1